U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 16 2020
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SCOTT T. BEHLING, §
TDCJ-CID No. 664060, §
§
Plaintiff, §
§
v. § 2:16-CV-210-Z
§
NFN FOLEY, et al., §
§
Defendants. §

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff SCOTT T. BEHLING, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis. For the following reasons, plaintiff's civil rights complaint is DISMISSED.

### JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint.[2] *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

## PLAINTIFF'S CLAIMS

Plaintiff is a Texas Department of Criminal Justice (TDCJ) inmate housed at the Clements Unit in Amarillo, Texas. Plaintiff brings this suit against multiple defendants: Senior Warden Foley, Assistant Warden Andrews, former Senior Warden Martin, former Assistant Warden Beach, and Mail Room Supervisor Geneta K. Glenn of the TDCJ Clements Unit. (ECF No. 18-1). According to his complaint, plaintiff inherited a sum of money upon the death of his father. This money was eventually deposited into his inmate trust account following probate proceedings. Plaintiff claims that defendant Glenn blocked access to his inmate trust account funds through her negligent handling of his legal mail.

---

incredible," not just to the level of the unlikely. *Booker*, 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Booker*, 2 F.3d at 116. That caution notwithstanding, a "claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *Booker*, 2 F.3d at 116.

[2] A *Spears* hearing is a hearing in which a magistrate judge determines whether to recommend dismissal of a defined claim as frivolous. *See Spears*, 766 F.2d at 182.

[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

According to documents filed as attachments to his complaint, plaintiff claims defendant Glenn failed to properly apply postage to a critical document mailed to his probate attorney, and the document was returned to his unit of incarceration. Plaintiff further claims he was not notified in a timely fashion about the return of his mail for insufficient postage. Plaintiff further argues that all remaining defendants, based on their positions as supervisors or former supervisors at the Clements Unit, are responsible for failures of the mail room staff to appropriately handle his legal mail. Although not specifically stated, plaintiff also appears to argue defendants are deliberately blocking his access to his inmate trust account. Plaintiff also implies that defendants acted in conspiracy with the United States Post Office to cause a delay in his legal mail, but he does not name the United States Post Office or any postal employee as a defendant. *Compare* ECF No. 9, *with* ECF No. 3. The Court interprets plaintiff's claims to state (1) a claim for denial of access-to-the-courts based on defendants' failure to properly handle plaintiff's legal mail, and (2) a claim for deprivation of plaintiff's property interests without due process of law based on the ability to access his inmate trust account.

## ANALYSIS

### Access-to-the-Courts: Legal Mail

A cause of action may be stated under Title 42, United States Code, section 1983 where prison officials intentionally withhold mail destined for the courts, where there is the additional allegation that the intentional delay of legal mail damaged the prisoner's legal position. *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). Nevertheless, conduct which is merely negligent does not meet the standard for liability under section 1983. *Daniels v. Williams*, 474 U.S. 327, 331–34 (1986).

Plaintiff must demonstrate an actual injury stemming from the alleged unconstitutional act. *Dunham v. Wainwright*, No. A-15-CA-1018-RP, 2017 WL 571515, at *3 (W.D. Tex. Feb. 13, 2017), *aff'd*, 713 Fed. Appx 334 (5th Cir. 2018) (citing *Lewis v. Casey*, 518 U.S. 343, 351–54 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999)). " 'Actual injury' is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.' " *Dunham*, 2017 WL 571515, at *3 (citing *Lewis*, 518 U.S. at 348). If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access-to-the-courts is not valid. *Dunham*, 2017 WL 571515, at *3 (citing *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992)).

Plaintiff argues that defendant Glenn had the affirmative obligation to place the proper amount of postage on his legal mail. Even by his complaint, plaintiff indicates that the failure to properly handle his legal mail was based on negligence. Plaintiff makes no allegations of intentional misconduct by defendant Glenn, nor does he allege any facts that give the Court a reason to interpret his claim as one of intentional misconduct.

Further, all remaining defendants are sued in their capacity as supervisors of the Clements Unit or defendant Glenn. "A supervisory official may be held liable under section 1983 for the wrongful acts of a subordinate 'when [the supervisory official] breaches a duty imposed by state or local law, and this breach causes plaintiff's constitutional injury.' " *Smith v. Brenoettsy*, 158 F.3d 908 (5th Cir. 1998)(quoting *Smith v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976). To hold a supervisory official liable, the plaintiff must demonstrate: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts

to deliberate indifference. *Hinshaw v. Doffer*, 785 F.2d 1260, 1263 (5th Cir. 1986). For an official to act with deliberate indifference, he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). Plaintiff has failed to state a claim for any of the supervisor defendants under this standard.

The Court further finds that any failure by the defendant Glenn to follow the proper procedure to complete the postage process is at most a negligent act, and the negligent deprivation of property by prison officials does not create a civil rights claim. *See Daniels v. Williams*, 474 U.S. 327, 328, 332–33 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *Ortiz v. Giles W. Dalby Correctional Facility*, 396 Fed. Appx. 144 (5th Cir. 2010); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988).

Accordingly, the plaintiff fails to state a claim against the defendants based on the mishandling of his legal mail.

**Deprivation of Property: Access to Inmate Trust Account**

Courts have routinely held that prisoners have a protected interest in their inmate accounts and may not be deprived of that interest absent procedural due process of law under the Fourteenth Amendment of the United States Constitution. *See Rosin v. Thaler*, 417 Fed. Appx. 432 (5th Cir. 2011); *Reynolds v. Wagner*, 128 F.3d 166, 179 (3rd Cir. 1997); *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). Therefore, plaintiff, who alleges that he was deprived of the funds in his inmate account due to the actions of prison officials, states a claim under § 1983. *Birl v. Thaler*, 470 Fed. Appx. 362, 363 (5th Cir. 2012) (noting that where a prisoner claims property deprivation by a prison official, he has presented a cognizable § 1983 claim).

However, although plaintiff has stated a claim, he does not have a remedy in this Court, but must pursue the matter in state court. An adequate post-deprivation remedy for deprivation of property under color of law eliminates any due process claim under § 1983, regardless of whether the deprivation is negligent or intentional. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). Under the *Pratt/Hudson* doctrine, a district court may dismiss a loss of property claim and require the plaintiff to pursue state remedies. A plaintiff may then pursue a claim under § 1983 only after those remedies are denied on grounds other than the merits of the claim. *See Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983). The burden is on the inmate to show that the post-deprivation remedy is inadequate. *See Myers v. Klevenhagan*, 97 F.3d 91, 94 (5th Cir. 1996).

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420–21 (Tex. Civ. App.-San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). To the extent that plaintiff alleges that defendants willfully blocked his access to monies from his inmate trust fund account without due process, there is no indication that he has instituted an action in state court to pursue these claims.

Accordingly, plaintiff's claim for deprivation of property without due process fails and must be dismissed.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is ORDERED

that the Civil Rights Complaint filed by plaintiff filed pursuant to Title 42, United States Code, section 1983 be DISMISSED without prejudice for failure to state a claim.

**SO ORDERED.**

January  16 , 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE